**Khalid HAKIM, Plaintiff,**

v.

**Michael CHERTOFF, Secretary of the United States Department of Homeland Security; Admiral Thomas H. Collins, Commandant, United States Coast Guard; Officer Ken Skuches, Officer in Charge of Marine Inspection, Defendants.**

No. 06 Civ. 2394(JSR).

United States District Court,
S.D. New York.

Aug. 25, 2006.

Arthur Eisenberg, Christopher T. Dunn, Donna Lieberman, New York Civil Liberties Union Foundation, New York City, for Plaintiff.

Richard Edward Rosberger, U.S. Attorney's Office, New York City, for Defendants.

## MEMORANDUM ORDER

RAKOFF, District Judge.

By Order dated July 28, 2006, the Court dismissed this case for want of standing. This Memorandum Order gives the reasons for this ruling and directs the entry of judgment.

Plaintiff Khalid Hakim, a devout Muslim who wears a kufi[1] in public at all times, commenced this suit against the Secretary of Homeland Security and various U.S. Coast Guard officials, alleging that certain Coast Guard policies that required merchant mariners to submit photos of themselves with their heads completely uncovered violated his rights under the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb–1 *et seq.*, and the First Amendment. Hakim sought declaratory and injunctive relief. Defendants then moved to dismiss under Fed.R.Civ.P. 12(b)(1), asserting that plaintiff lacked standing to bring this suit and that, in any event, his claims were moot, because of ameliorative actions taken by the defendants.

By way of background,[2] in 1965 the Coast Guard issued a regulation that requires applicants for merchant marine licenses (which are known as Merchant Mariner's Documents or "MMDs"), to submit to the Coast Guard, *inter alia,* "three unmounted dull finish photographs of passport type (2 inches by 1½ inches) taken within one year and showing the full face at least one inch in height *with head uncovered."* 46 C.F.R. § 12.02–9(b)(1) (emphasis added). In 2001, the Coast Guard began requiring a merchant mariner who works in international waters to obtain, in addition to an MMD, a certification that the mariner meets the Standards of Training, Certification, and Watchkeeping for Seafarers, a certificate therefore known as an "STCW." To obtain an STCW, the Coast Guard again requires photographs that show the applicant with his or her head uncovered. Complaint ¶ 16.

Notwithstanding these regulations, during the period years 1973 through 2004

---

1. A kufi is a short rounded cap worn by many Muslim men.

2. For the purposes of this motion, the Court assumes as true all allegations made in Hakim's complaint. Additionally, on a motion made pursuant to Fed.R.Civ.P. 12(b)(1), evidence extrinsic to the complaint may also be considered. *See, e.g., Makarova v. United States,* 201 F.3d 110, 113 (2d Cir.2000).

plaintiff received numerous MMDs from the Coast Guard despite the fact that the required identification photographs showed him wearing a kufi. Complaint ¶¶ 25–26. In August 2004, however, Hakim's renewal application for his MMD and his related application for an STCW were denied because he failed to submit photographs showing him with his head uncovered. *Id.* ¶¶ 28–29, 31. Hakim wrote the Coast Guard that he wore the kufi for religious reasons, but the Coast Guard responded that there were no exceptions to the rules and regulations governing MMDs and SCTWs. *Id.* ¶¶ 30, 32. Hakim requested reconsideration but received no response, and various appeals made by others on his behalf also proved fruitless. *Id.* ¶¶ 33–34. Accordingly, Hakim's MMD expired as scheduled in January 2005. *Id.* ¶ 28.

On November 23, 2005, Hakim reapplied and was verbally told once again that his application would be rejected because of his failure to submit a photograph showing his head uncovered. But while Hakim was awaiting written confirmation of this rejection, the Coast Guard changed its mind. Complaint ¶¶ 35–36. Accordingly, Hakim received his new MMD and a valid STCW on December 15, 2005 and is now eligible to work as a merchant mariner in international waters. *Id.* ¶ 37. His current MMD does not expire until December 2010. 46 C.F.R. § 12.02–17(b).

Notwithstanding this success, Hakim, represented by the New York Civil Liberties Union, filed the instant action on March 28, 2006, on the ground that he would face recurring problems as long as the Coast Guard maintained its written "uncovered head" requirement. Three weeks later, however, on April 17, 2006, the National Maritime Center, the entity responsible for the operation and management of the Coast Guard's Licensing and Documentation Program, issued Guidance Document No. 2–06 (the "Guidance") that effectively amended how that requirement is interpreted. Decl. of Lieutenant Lineka N. Quijano ("Quijano Decl."), Jun. 13, 2006, ¶ 2.

The Guidance, though posted on the Coast Guard website, *see* http://www.uscg.mil/stcw/mmic-policy.htm# 06, is not a formal rule and is intended only for internal guidance. Quijano Decl., Exh. A (the Guidance) ¶ 1a. Nevertheless, the Guidance instructs the Coast Guard licensing and documentation personnel that the regulations requiring MMD and STCW applicants to submit identification photos of themselves with their heads uncovered

> should be interpreted in light of the purpose of providing effective identification as well as an applicant's legitimate interests, such as religious or medical interests. An applicant may, for example, wear headgear or a full beard because of religious beliefs.... A photograph of an applicant with headgear ... may be accepted in such circumstances if the photograph provides effective identification of the applicant.

*id.* ¶ 3a; *see also id.* ¶ 3d. Furthermore, the National Maritime Center made an entry specific to plaintiff in its national database of mariner's records (to which all Coast Guard regional examination centers have access) specifying that Hakim's "religious headgear may be worn for photograph provided ˙ photograph complies with NMC Guidance Document 02–06." Quijano Decl. ¶ 3.

The Constitution's case-or-controversy requirement, Art. III, § 2, requires a party bringing a federal action to show "(1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defen-

dant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)). While a plaintiff's standing is ordinarily assessed as of the time a lawsuit is brought, immediate post-filing events may be taken into account where, as here, the relief requested is directed at preventing a future action (i.e. denial of plaintiff's future reapplications), albeit one the plaintiff asserts creates a present fear. *Cf. Baur v. Veneman*, 352 F.3d 625, 637 n. 11 (2d Cir.2003). This is especially true where, as here, the post-filing events essentially confirm the actions taken prior to the filing.[3]

■ Plaintiff here alleges that since the federal regulation itself remains unchanged, he meets the requirements of standing because of (a) his fear that when he reapplies for MMDs and STCWs in the future the Coast Guard may no longer follow the Guidance and may either deny his applications or, as in 2004–2005, take more than a year to give approval, and (b) that even at present he suffers an uncertainty regarding the future of his career that can only be removed by a flat invalidation of the "uncovered head" requirement or the like. *See* Complaint ¶¶ 39–40; Mem. in Opp'n to Defs.' Mot. to Dismiss 9–10. However, while a plaintiff's uncertainty about whether he will suffer an immediate harm may present a cognizable injury in some circumstances, *see N.Y. Pub. Interest Research Group v. Whitman*, 321 F.3d 316, 325–26, (2d Cir.2003), subjective fears about future contingencies do not confer standing unless they have an objectively reasonable basis sufficient to render

them more than speculations about non-imminent events. "It is the *reality* of the threat of repeated injury that is relevant to the standing inquiry, not the plaintiff's subjective apprehensions. The emotional consequences of a prior act simply are not a sufficient basis for an injunction absent a real and immediate threat of future injury by the defendant[s]." *City of Los Angeles v. Lyons*, 461 U.S. 95, 107 n. 8, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983) (emphasis in original); *see also Lujan*, 504 U.S. at 564 n. 2, 112 S.Ct. 2130 (imminence, although a "somewhat elastic concept," "cannot be stretched beyond its purpose, which is to ensure that the alleged injury is not too speculative for Article III purposes—that the injury is *certainly* impending") (emphasis in original); *Baur*, 352 F.3d at 636 (plaintiff must "allege that he faces a direct risk of harm which rises above mere conjecture").

■ Because Hakim's current MMD and STCW do not expire until 2010, any alleged denial of his freedom of religious exercise by the Coast Guard's photograph requirements is simply "too remote temporally to satisfy Article III standing." *McConnell v. FEC*, 540 U.S. 93, 226, 124 S.Ct. 619, 157 L.Ed.2d 491 (2003). Moreover, even if Hakim's renewal applications were to be submitted to the Coast Guard far sooner, the likelihood of injury resulting from including with them photos of Hakim wearing a kufi is remote at best, since the April 2006 Guidance and the specific entry made in Hakim's personal file on the national database plainly indicate that, at present, the Coast Guard has no intention of requiring Hakim to remove his religious headgear in order to obtain the license and certification necessary to practice his profession. While the Guidance is not a formal rule, plaintiff has not

---

**3.** Alternatively, the post-filing events may serve to render the controversy moot.

provided any evidence that suggests that the New York City Coast Guard office will not follow the national Guidance or that the interpretation articulated in that Guidance will change, and the Court declines to "draw unwarranted inferences in order to find standing." *Baur*, 352 F.3d at 637.

Accordingly, the Court finds plaintiff lacks standing to assert his claim and hereby reaffirms the dismissal of this action. Clerk to enter judgment.

SO ORDERED.